**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Ann Brown, | No. CV-09-2017-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Lisa Brown was assaulted by her former boyfriend in late 2004, suffering a stab wound to the head and injuries to her legs. She applied for supplemental security income on June 2, 2005, claiming to be disabled since January 1, 2005. Doc. 16, Tr. 101-12. The application was denied. Tr. 45-54. Hearings before an Administrative Law Judge ("ALJ") were held on August 29, 2007 and March 10, 2008 (Tr. 24-44). The ALJ issued a written decision on April 9, 2008, finding Plaintiff not disabled within the meaning of the Social Security Act. Tr. 9-17. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 1-3. Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). Doc 1. For reasons that follow, the Court will reverse Defendant's decision and remand the case for further proceedings.

**I.    Standard of Review.**

The Court has the "power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The

1 Commissioner's decision to deny benefits "should be upheld unless it is based on legal error
2 or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194,
3 1198 (9th Cir. 2008). In determining whether the decision is supported by substantial
4 evidence, the Court "must consider the entire record as a whole and may not affirm simply
5 by isolating a 'specific quantum of supporting evidence.'" *Id.*

**II.    Analysis.**

Whether a claimant is disabled is determined using a five-step evaluation process. To establish disability, the claimant must show (1) she is not currently working, (2) she has a severe impairment, and (3) her impairment meets or equals a listed impairment or (4) her residual functional capacity ("RFC") precludes her from performing her past work. At step five, the Commissioner must show that the claimant is able to perform other work. 20 C.F.R. § 416.920.

Given that Plaintiff has never worked (Tr. 38, 15 ¶ 5), step one of the evaluation process is met and step four is irrelevant. The ALJ found at step two that Plaintiff has multiple severe impairments: affective disorder, borderline intellectual functioning, polysubstance dependency (in remission), chronic headaches, Hepatitis B, and methicillin-resistant Staphylococcus aureus ("MRSA") infections. Tr. 11 ¶ 2. At step three, the ALJ found that those impairments do not meet or equal a listed impairment. Tr 11 ¶ 3. The ALJ concluded at step five that Plaintiff has the RFC to perform light work (Tr. 13 ¶ 4), including the jobs of housekeeper, hand packager, and janitor (Tr. 16).

Plaintiff argues that the ALJ erred in finding that her impairments do not meet listing 12.05(C) (Doc. 19 at 14-16), failed to properly consider the effects of all impairments in determining RFC (*id.* at 16-20), failed to properly weigh medical source opinions (*id.* at 21-23), and failed to properly evaluate her credibility (*id.* at 23-26). Defendant contends that the ALJ did not err and his decision is supported by substantial evidence. Doc. 23.

**A.    Listing 12.05 and the Report of Dr. Brent Geary.**

Listing 12.05 contains an introductory paragraph with the capsule definition for mental retardation, that is, "significantly subaverage general intellectual functioning with

deficits in adaptive functioning initially manifested during the developmental period[.]" 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. It also contains four sets of criteria in paragraphs A through D. *Id.* A claimant's impairment meets Listing 12.05 where it satisfies the capsule definition in the introductory paragraph and any one of the four sets of criteria. *Id.*, § 12.00(A). The paragraph C criteria require a "valid" IQ score of 60 through 70. *Id.*, § 12.05(C).

The ALJ found that Plaintiff does not meet listing 12.05(C) because her IQ scores of 60 and 63 are not valid. Tr. 12. Plaintiff argues that the ALJ erred in failing to fairly develop the record, that is, he should have allowed Plaintiff to subpoena Dr. Geary and have him clarify his findings at the hearing. Doc. 19 at 14-16. The Court agrees with the ALJ (Tr. 29-30) that Dr. Geary could not have been clearer in his finding of malingering (Tr. 379).

Dr. Geary recognized that Plaintiff has limited intellect and that poor motivation arises from her mental impairments. Tr. 380. But he nonetheless noted that Plaintiff was "passively resistant" and "essentially uncooperative" during the evaluation as a whole (Tr. 375), and extended "rather poor effort during [IQ] testing" (Tr. 378). He specifically found that Plaintiff had "clearly exaggerated the nature and extent of emotional and cognitive impairment" (Tr. 380), concluding that it is "highly doubtful" the results of the IQ tests "represent true cognitive ability" (Tr. 375). Contrary to Plaintiff's assertion (Tr. 28), the report of Dr. Geary is not ambiguous as to whether her IQ scores are valid.

The ALJ "is not obliged to accept the results of claimant's IQ tests if there is a substantial basis for believing that claimant was feigning the results." *Soto v. Sec'y of HHS*, 795 F.2d 219, 222 (1st Cir. 1986); *see Wild v. Chater*, 98 F.3d 1348, 1996 WL 560104, at *3 n.6 (9th Cir. Oct. 1, 1996) (citing *Soto*). Dr. Geary's explicit finding of malingering (Tr. 379) constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff does not meet listing 12.05(C).

Citing the Social Security Administration's Program Operations Manual System ("POMS"), Plaintiff notes that listing 12.05(C) may be equaled with "slightly higher" IQs in the 70-75 range. Doc. 19 at 14; POMS No. DI 24515.056 (D)(1)(c), available at https://

- 3 -

secure.ssa.gov/apps10/poms.nsf/lnx/0424515056. This equivalence tool, however, is used only when "the capsule definition of [the] impairment is satisfied." POMS No. DI 24515.056 (B)(1); *see Cran v. Astrue*, 369 Fed. Appx. 915, 2010 WL 939853, at *4 (10th Cir. Mar. 17, 2010). Plaintiff has presented no evidence that she meets the capsule definition for listing 12.05, which requires significantly subaverage general intellectual functioning with deficits in adaptive functioning "initially manifested . . . before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05.

In summary, the ALJ did not err at step three in finding that Plaintiff's impairments do not meet or equal a listed impairment.

**B.     The RFC Determination.**

In concluding that Plaintiff can perform light work, the ALJ found that she is able to sit, stand, and walk for eight hours during a regular workday, is able to lift and carry ten pounds frequently and twenty pounds occasionally, and is moderately limited in her ability to carry out complex instructions and make judgments on complex work-related decisions. Tr. 13 ¶ 4. Plaintiff argues that the ALJ erred in failing to fully consider all of her impairments. Doc. 19 at 16-19. The Court agrees.

The law is clear. In determining RFC, the ALJ must consider the combined effects of *all* impairments. 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 416.920(c), 416.945(a), (e); SSR 96-8, 1996 WL 374184 (July 2, 1996); *Lester v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996); *Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003).

Plaintiff has repeatedly complained about, and has been diagnosed with, chronic migraine headaches. Tr. 45-46, 229-30, 295, 368, 370-72, 390-91, 400, 441-42. The ALJ found the headaches to be severe (Tr. 11 ¶ 2), but imposed no functional limitation from them in determining RFC. Instead, in addressing Plaintiff's credibility, the ALJ concluded that "Dr. Adickman's assessment of the claimant's headaches is sufficient to determine that there are no significant limitations ensuing therefrom." Tr. 15. The ALJ does not provide the basis for that conclusion, nor does he address Dr. Adickman's statement that Plaintiff has "burning headaches, which are described as constant[.]" Tr. 389.

1    The ALJ also failed to fully consider the effects of Plaintiff's MRSA infections. The
2 record is replete with references to that impairment, often described as open sores, painful
3 boils, and abscesses requiring incision and drainage. Tr. 220-25, 230-32, 237-41, 244-46,
4 248-53, 256-61, 265, 267-72, 274-75, 283, 287-88, 319, 350, 400-02, 408, 413-16, 418, 455.
5 Plaintiff first sought treatment for her infections in February 2005 (Tr. 287), and continued
6 to receive treatment for the resulting neuropathy and "chronic burning pain" as late as
7 October 2008 (Tr. 455). The ALJ noted that Plaintiff "was on antibiotics for the skin lesion
8 on her head" (Tr. 13) and has a "history of MRSA scalp folliculitis" (Tr. 14), but does not
9 further discuss the limiting effects of that infection.

10   Plaintiff contends that the ALJ failed to fully consider her affective disorder and
11 borderline intellectual functioning. Doc. 19 at 19-20. The Court does not agree. Dr. Geary's
12 narrative report (Tr. 374-80) and assessment of Plaintiff's ability to do work-related activities
13 (Tr. 381-388) constitute substantial evidence supporting the ALJ's finding that Plaintiff is
14 able to understand, remember, and carry out simple job instructions (Tr. 14). *See Thomas*
15 *v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (The opinions of a non-treating physician may
16 "serve as substantial evidence when the opinions are consistent with independent clinical
17 findings or other evidence in the record").

18   Defendant asserts that the RFC determination is supported by substantial evidence
19 without specifically addressing Plaintiff's arguments as to her headaches and MRSA
20 infections. Doc. 20 at 20-22. Considering the entire record as a whole, *Ryan*, 528 F.3d at
21 1198, the Court concludes that substantial evidence does not support the RFC determination.
22 On remand, Defendant shall consider the limiting effects of Plaintiff's headaches and MRSA
23 infections when combined with all other impairments.

24   **C.   Medical Opinions.**

25   Treating physician Dr. Dan MacLeod has opined that Plaintiff can sit, stand, and walk
26 less than one hour in an eight-hour workday and is able to lift and carry less than ten pounds.
27 Tr. 345-46, 453-454. Nurse practitioner Linda Redwood-Martinez has opined that Plaintiff
28 is unable to work due to her head injury and depression. Tr. 304, 315, 407. The ALJ gave

1  little weight to those opinions on the ground that they are not supported by the record as a
2  whole. Tr. 14. Plaintiff contends that this constitutes legal error. She is incorrect.

3  The ALJ need not accept the opinion of any medical source, including a treating
4  source, "if that opinion is brief, conclusory, and inadequately supported by clinical findings."
5  *Thomas*, 278 F.3d at 957; *see Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The
6  opinion of Ms. Redwood-Martinez is set forth in a brief note without explanation. Tr. 304,
7  315, 407. Dr. MacLeod completed an assessment of Plaintiff's ability to do work-related
8  activities (Tr. 345-46, 453-454), but the limitations set forth therein are extreme and not
9  supported by Dr. MacLeod's own treatment notes (Tr. 456-63). "Nowhere do his notes
10 indicate reasons why [Plaintiff] would be limited to standing for only [one hour] or lifting
11 only ten pounds, nor do they indicate that [he] ever recommended such limitations to
12 [Plaintiff]." *Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003); *see Bayliss*, 427 F.3d
13 at 1216 (discrepancy between opinion and clinical notes was a "clear and convincing reason
14 for not relying on the doctor's opinion regarding [the claimant's] limited ability to stand and
15 walk"); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (ALJ properly rejected
16 treating physician's opinion where "it was unsupported by rationale or treatment notes, and
17 offered no objective medical findings to support the existence of [the claimant's] alleged
18 conditions").

19 **D.  Plaintiff's Credibility.**

20 The ALJ evaluated Plaintiff's testimony using the two-step analysis established by the
21 Ninth Circuit. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Applying the
22 test of *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986), the ALJ determined that Plaintiff's
23 impairments could reasonably produce some symptoms, but found not credible Plaintiff's
24 testimony about the extreme intensity, persistence, and limiting effects of her symptoms.
25 Tr. 15. Plaintiff argues that reasons the ALJ gave for discrediting her testimony (Tr. 15) are
26 improper and not supported by the record. Doc. 19 at 23-25.

27 The Court agrees with respect to most of the reasons. The ALJ does not explain why
28 the use of antidepressant medication renders Plaintiff not credible, and Plaintiff should not

be penalized for the exercise of poor judgment in obtaining mental health counseling. The record does not support the finding that Plaintiff has good interpersonal skills. Dr. Adickman's assessment of Plaintiff's headaches is not a credibility factor. The ALJ fails to explain how Plaintiff's daily activities translate into an ability to perform regularly in a work setting. Finally, the ALJ improperly found that Plaintiff's testimony regarding daily activities was vague and evasive. In response to a question from counsel at the hearing held on March 10, 2008, Plaintiff stated that she spends her day watching television and watching her baby until her other children get home from school. Tr. 36. The ALJ asked no follow-up questions. To the extent he inquired about daily activities at the August 29, 2007, the transcript of that hearing is not part of the record.

In assessing credibility, however, the ALJ may use "'ordinary techniques of credibility evaluation[.]'" *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (citation omitted). The ALJ may find Plaintiff not credible "based on evidence of 'malingering' or other 'clear and convincing reasons.'" *Patterson v. Comm'r of Soc. Sec.*, No. CV-08-0533-PHX-ROS, 2009 WL 414044, at *4 (D. Ariz. Feb. 19, 2009) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). The ALJ specifically found that Plaintiff was malingering (Tr. 15), and that finding is supported by the report of Dr. Geary (Tr. 374-88). The Court concludes that the ALJ did not err in discrediting Plaintiff's testimony about the intensity, persistence, and limiting effects of her symptoms. *See Tonapetyan*, 242 F.3d at 1148 (ALJ's credibility determination supported by substantial evidence where the claimant was uncooperative and exaggerated her limitations during consultive examinations).

### III.    Remedy.

The decision to remand for further development of the record or for an award benefits is within the discretion of the Court. 42 U.S.C. § 405(g); *see Harman v. Apfel*, 211 F.3d 1172, 1173-74 (9th Cir. 2000). This Circuit has held that an action should be remanded for an award of benefits where three conditions are met: the ALJ has failed to provide legally sufficient reasons for rejecting evidence, no outstanding issue remains that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ

would be required to find the claimant disabled were the rejected evidence credited as true. *See, e.g.*, *Varney v. Sec'y of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988).

As discussed above, the ALJ erred in determining RFC by failing to fully consider the combined effects of all of Plaintiff's impairments. Proper RFC analysis is required before a determination of disability can be made. 20 C.F.R. § 416.920(4)(v). The case will be remanded for further proceedings.

**IT IS ORDERED:**

1. Defendant's decision denying benefits is **reversed**.
2. The case is remanded for further proceedings consistent with this order.

DATED this 19th day of November, 2010.

_____
David G. Campbell
United States District Judge

- 8 -