**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Ann Brown,<br><br>             Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security Administration,<br><br>             Defendant. | No. CV-09-2017-PHX-DGC<br><br>**ORDER** |

An administrative law judge ("ALJ") denied Plaintiff's application for supplemental security income. Doc. 16, Tr. 9-17. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 1-3. Plaintiff then brought this action for judicial review pursuant to 42 U.S.C. § 405(g). Doc. 1. The Court reversed Defendant's decision. Doc. 26.

Plaintiff has filed a motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 28. The motion is fully briefed. Docs. 30, 31. Oral argument has not been requested. For reasons stated below, the Court will grant the motion and award Plaintiff fees in the amount of $6,208.29 plus $350 in costs.

"The EAJA creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). Plaintiff is a prevailing party because this matter was remanded pursuant to sentence four of the Social Security Act,

42 U.S.C. § 405(g). Doc. 26; *see Shalala v. Schaefer*, 509 U.S. 292, 301 (1993); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). The Court should award reasonable attorneys' fees under the EAJA unless Defendant shows that his position in this case was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Gutierrez*, 274 F.3d at 1258.

Defendant does not contend that an award of fees in this case would be unjust. Nor has he shown that each position taken in defense of the ALJ's erroneous decision was substantially justified. The ALJ committed a basic and fundamental error by failing to consider all of Plaintiff's impairments. As previously explained (Doc. 26 at 4), the law is clear: in determining RFC, the ALJ must consider the combined effects of *all* impairments. 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 416.920(c), 416.945(a), (e); SSR 96-8, 1996 WL 374184 (July 2, 1996); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996); *Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003). Plaintiff repeatedly complained about, and had been diagnosed with, chronic migraine headaches. Tr. 45-46, 229-30, 295, 368, 370-72, 390-91, 400, 441-42. The ALJ found the headaches to be severe (Tr. 11 ¶ 2), but imposed no functional limitation from them in determining RFC. The ALJ also failed to consider the effects of Plaintiff's MRSA infections, impairments well-documented in the record. Tr. 220-25, 230-32, 237-41, 244-46, 248-53, 256-61, 265, 267-72, 274-75, 283, 287-88, 319, 350, 400-02, 408, 413-16, 418, 455.

Defendant notes that Dr. Adickman's findings include references to Plaintiff's headaches and MRSA, and the ALJ relied on the opinions of Dr. Adickman. Doc. 30 at 8. Defendant also asserts that the ALJ's RFC assessment adequately "accommodated" any limitations stemming from headaches and MRSA. *Id.* But the RFC assessment must contain a "thorough discussion and analysis" of the evidence and a description of "how the evidence supports each conclusion[.]" SSR 96-8, at *7. The ALJ's decision does not meet this standard with respect to the evidence of Plaintiff's migraine headaches and MSRA infections. The ALJ's "failure to consider [those] impairments and, consequently,

their functional limitations on Plaintiff's RFC[,] warrant[s] a finding that the Commissioner's position was not substantially justified." *Kallio v. Astrue*, No. 2:07-CV-406-JVB, 2009 WL 2230861, at *4 (N.D. Ind. July 23, 2009).

Plaintiff is eligible for an award of attorneys' fees under the EAJA, that is, her net worth is less than two million dollars. Doc. 31-1 at 10; *see* 28 U.S.C. § 2412(d)(2)(B). Plaintiff is entitled to an award of fees and costs as a prevailing party, and because Defendant has not shown that his position in this case was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(a)(1), (d)(1)(A).

Plaintiff's counsel, Eric Slepian, has filed an affidavit (Doc. 28-1 at 9-10) and an itemized statement of fees (*id.* at 3-4) showing that he worked 35.6 hours on this case and that the fees total $6,208.29 ($174 per hour). Having reviewed the affidavit and the statement of fees, and having considered the relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds the amount of the requested fee award to be reasonable.

**IT IS ORDERED:**

1. Plaintiff's motion for attorneys' fees and costs (Doc. 28) is **granted**.

2. Plaintiff is awarded **$6,208.29** in attorneys' fees and **$350.00** in costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 15th day of March, 2011.

David G. Campbell
United States District Judge

- 3 -